**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| Brian A Graham, | No. CV-25-01296-PHX-SMB |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

The Court now considers Plaintiff Brian A Graham's appeal from the Social Security Administration's denial of Plaintiff's application for disability insurance benefits ("DIB"). The Court reviewed the briefing, the Administrative Record ("AR"), and the Administrative Law Judge's ("ALJ") decision (AR 12–29). The Court reverses the ALJ's decision in part and remands this matter for the following reasons.

## I.    BACKGROUND

On December 15, 2023, Plaintiff applied for DIB under Title II alleging a disability onset date of December 15, 2023. (AR. 15.) Plaintiff's claims were denied initially and on reconsideration. (AR 15.) After an administrative hearing, an ALJ issued an unfavorable decision finding Plaintiff not disabled. (AR. 29.) The Appeals Council denied review of that decision, making the ALJ's determination the final decision of the Commissioner of the Social Security Administration. (AR. 1.) Plaintiff seeks review of the Commissioner's decision.

## II.     LEGAL STANDARD

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process.  20 C.F.R. § 404.1520(a).  Only the fifth step is in dispute here.  The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five.  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  At the fifth step, the ALJ determines whether the claimant can perform any work based on the claimant's residual functional capacity, age, education, and work experience.  20 C.F.R. § 404.1520(a)(4)(v).

The Court only reviews the issues raised by the party challenging the ALJ's decision.  *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).  The Court will uphold an ALJ's decision "unless it contains legal error or is not supported by substantial evidence."  *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).  The parties and the Court agree that the ALJ decision contains legal error.  Thus, the primary issue here is determining the proper remedy.

## III.    DISCUSSION

Plaintiff challenges the ALJ's fifth-step determination.  (Doc. 8 at 8); *see* 20 C.F.R. § 416.920(a)(4)(v).  At the fifth step, there must be a showing that there are "a significant number of jobs exist in the national economy that the claimant can perform."  *Wilson v. Astrue*, 752 F. Supp. 2d 1146, 1152 (D. Or. 2010).  The Commissioner has the burden to make this showing and "may satisfy this burden through the testimony of a [Vocational Expert ("VE")]."  *Id.*

The ALJ found that the fifth step was satisfied based on 10,900 available jobs in the national economy.  (AR 29.)  Plaintiff contends that this was improper because 10,900 does not constitute a significant number of jobs.  (Doc. 8 at 8.)  Plaintiff goes so far as to argue that ALJ acted in bad faith in making its determination.  (*Id.* at 10.)  Accordingly, Plaintiff contends that the proper remedy here is remand for payment of benefits without further administrative proceedings.  (*Id.* at 12.)   The Commissioner concedes that remand is appropriate but argues that the proper remedy is remand for further administrative

proceedings. (Doc. 9 at 2.) The Court pauses to note that the parties are correct that the ALJ committed legal error in finding that 10,900 jobs constitutes a significant number of jobs. *See, e.g.*, *Karen L. H. v. Berryhill*, No. 3:17-CV-01750-HZ, 2019 WL 208861, at *7 (D. Or. Jan. 15, 2019) ("In the context of assessing harmless error, the Ninth Circuit has suggested that '10,000 jobs found by the expert may not amount to a significant number of jobs in the national economy.'" (citation modified) (quoting *Randazzo v. Berryhill*, 725 F. App'x 446, 448 (9th Cir. 2017)).

"The decision whether to remand for further proceedings is within the discretion of the district court." *Cardona v. Colvin*, No. EDCV 12-0895-CW, 2013 WL 2285354, at *6 (C.D. Cal. May 22, 2013). "Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits." *Id.* "However, where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate." *Id.* Remanding for an award of benefits is "rare" and a departure from "the ordinary remand rule." *Hale v. Berryhill*, No. 3:17-CV-00697-HZ, 2018 WL 2221675, at *15 (D. Or. May 15, 2018).

Based on the record, the Court finds that remand for further proceedings is appropriate. There are lingering issues that must be resolved before a step-five determination can be made.

Here, the ALJ's step-five determination was based on the VE's testimony that Plaintiff would be able to perform the requirements of only certain "representative" sedentary and unskilled occupations. (AR 29.) Assuming that these representative occupations are exhaustive, the Commissioner persuasively contends that the ALJ did not consider whether Plaintiff's past work allows him to perform work using transferable skills. (Doc. 9 at 8.) Such a consideration can affect whether there are jobs available in the economy that Petitioner can perform. *See Romer v. Astrue*, No. CV 08-221-LMB, 2009 WL 981339, at *10–11 (D. Idaho Apr. 13, 2009). The Commissioner also contends that

there was no consideration of whether there were a significant number of jobs Plaintiff could perform regionally. (*Id.*) Indeed, a step-five showing can be made where there are a significant number of jobs in the regional economy. *See Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 523(9th Cir. 2014). In these ways, the record was not fully developed and further proceedings would prove useful. *See Hale*, 2018 WL 2221675, at \*15 (noting that remand is appropriate where further administrative proceedings would be useful).

Plaintiff does not address any of the foregoing points in his Opening Brief. Additionally, Plaintiff's Reply does not materially respond to the Commissioner's contentions.[1] Instead, Plaintiff doubles down on his theory that an immediate award of benefits is appropriate based on the ALJ's bad faith. (Doc. 10.) Although there is precedent in this circuit weighing against the ALJ's determination, the Court cannot go so far as to find that the ALJ acted in bad faith. Moreover, Plaintiff does not a single case suggesting that a remand for award of benefits is appropriate even where an ALJ's misapplication of law can be cured on remand. Thus, the appropriate remedy in the present circumstances is remand for further proceedings.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the ALJ's step-five determination is **reversed** and that this matter is **remanded** to the Social Security Administration for further proceedings.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly and terminate this case.

Dated this 15th day of July, 2026.

Honorable Susan M. Brnovich
United States District Judge

---

[1] Of note, Plaintiff's Complaint asks that this Court set aside the ALJ's step-five findings and "[t]hat this matter be remanded to the Social Security Administration for new step-five findings." (Doc. 1 at 2.)